

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10217 |
| Plaintiff - Appellee, | D.C. No. 2:09-CR-364-RLH-GWF |
| v. | |
| ZENEL RODRIGUEZ-SANCHEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted March 18, 2011
San Francisco, California

Before: HUG, REAVLEY,** and W. FLETCHER, Circuit Judges.

Zenel Rodriguez-Sanchez appeals his within-guidelines sentence of 24

months following his guilty-plea conviction for being a deported alien found

---

* This disposition is not appropriate for publication and may not be cited to
or by the courts of this circuit except as provided by Ninth Cir. Rule 36-3.

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge
for the Fifth Circuit, sitting by designation.

unlawfully in the United States, in violation of 8 U.S.C. § 1326. He challenges only the substantive reasonableness of the sentence. Reviewing the judgment for an abuse of discretion, *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), we affirm.

Rodriguez-Sanchez argues that his sentence is substantively unreasonable because (1) at the time of his sentencing the United States Sentencing Commission had proposed a guidelines amendment deleting the provision for "recency points" in calculating criminal history under U.S.S.G. § 4A1.1(e), and (2) the district court failed to consider his unique circumstances, including the birth of his first child.

The guidelines amendment upon which Rodriguez-Sanchez relies was not in effect when the district court imposed the sentence, and we see no abuse of discretion in the district court's refusal to apply a proposed-but-not-yet-enacted amendment. Rodriguez-Sanchez correctly recognized at the sentencing hearing that the district court was under no obligation to follow the proposed amendment, and its mere existence did not render the chosen sentence unreasonable. Moreover, the district court specifically considered that even under the proposed amendment Rodriguez-Sanchez's guideline range would have changed from 24 to 30 months to 18 to 24 months, but that considering the 18 U.S.C. § 3553(a) factors a 24-month sentence was still warranted.

The district court further considered but rejected Rodriguez-Sanchez's argument concerning the birth of his child and his family circumstances. The district judge explained that he believed Rodriguez-Sanchez posed a danger to the community because of Rodriguez-Sanchez's criminal history, which included drug and firearms offenses, and that the 24-month sentence was justified under § 3553(a). In short, the district court carefully considered the relevant sentencing factors and explained its decision. Given the substantial deference due to the district court's sentencing determination, we conclude that the sentence was substantively reasonable. *See United States v. Carter*, 560 F.3d 1107, 1120 (9th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51–52, 128 S. Ct. 586, 597–98 (2007)). Rodriguez-Sanchez would have us substitute our own judgment of what is reasonable for that of the district court, which we may not do. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

AFFIRMED.